UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
RACQUEL BRYANT,

                                        Plaintiff,                    **COMPLAINT**
                                                                      **PLAINTIFF DEMANDS**
                                                                      **A JURY TRIAL**


               v.


REGO ENTERPRISES LLC d/b/a
DALLAS BBQ and GREG WETANSON individually,
and ALEJANDRO HERRERA,
individually,


                              Defendants.
--------------------------------------------------------------X

       Plaintiff, Racquel Bryant, through her counsel, Derek Smith Law Group, PLLC,

hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF CASE

1.   Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified,

    42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act

    of 1991, Pub. L. No. 102-166 ("Title VII"), New York State Executive Law, New

    York City Human Right Law and seeks damages to redress the injuries Plaintiff

    suffered as a result of being exposed to assault and battery, sexual harassment, gender

    discrimination, and hostile work environment.

2.   Jurisdiction of this action is conferred upon this Court as this action involves a

    federal question under Title VII of the Civil Rights Act. The Court also has

    supplemental jurisdiction over the State and City Causes of Action.

3.   On August 3, 2016, the EEOC mailed to Plaintiff a Right to Sue Letter.

4.   Plaintiff completed all of her administrative prerequisites and filed her complaint

within 90 days of receipt of the Right to Sue Letter.

## PARTIES

5. Plaintiff BRYANT is an individual woman who is a resident of the State of New York, County of Queens.

6. At all times material, REGO ENTERPRISES LLC d/b/a DALLAS BBQ (hereinafter referred to as "DALLAS BBQ") was and is a domestic limited liability company, located and operated in the State of New York, County of Queens.

7. At all times material, GREG WETANSON (hereinafter referred to as "WETANSON") was and is owner of REGO ENTERPRISES LLC d/b/a DALLAS BBQ.

8. At all times material, WETANSON had supervisory authority over Plaintiff with regard to her employment.

9. At all times material, ALEJANDRO HERRERA (hereinafter referred to as "HERRERA ") was and is Regional Manager at DALLAS BBQ.

10. At all times material, HERRERA had supervisory authority over Plaintiff with regard to her employment.

## FACTS

11. Around October 2010, Plaintiff commenced her employment with Defendant DALLAS BBQ as a server.

12. Around December 2011, Plaintiff was promoted to a manager position

13. On or around May 19, 2016, Plaintiff was completing paper work in the Defendants' office.

14. Defendant's Regional Manager, Alejandro Herrera, entered the office.

15. Defendant's supervisor HERRERA greeted Plaintiff with a hug and firmly grabbed

her buttocks. HERRERA sexually assaulted Plaintiff.

16. HERRERA'S intrusive sexual advance deeply shocked and disturbed Plaintiff.

17. About one week later after HERRERA sexually assaulted Plaintiff, HERRERA invaded Plaintiff's personal space by forcefully grabbing Plaintiff's buttocks in the dining room.

18. HERRERA'S inappropriate sexual actions appalled Plaintiff. Plaintiff confronted HERRERA about the sexual harassment.

19. HERRERA screamed, "No Señora!"

20. Plaintiff was disturbed and emotionally distressed by HERRERA'S repeated unwanted sexual advances.

21. HERRERA's violation of Plaintiff's body profoundly hurt her.

22. Plaintiff sought help from her senior manager and reviewed Defendant's cameras.

23. HERRERA was caught on camera intentionally grabbing Plaintiff's buttocks on both occasions.

24. Plaintiff informed Eric Levine, Human Resources Director, about the sexual harassment she was forced to endure while under the supervision of HERRERA.

25. Plaintiff reported HERRERA'S unwanted sexual advances to Owner WETANSON.

26. WETANSON informed Plaintiff that he was aware that former sexual harassment complaints had been made against HERRERA. WETASON asked Plaintiff, "Have you never touched someone by accident?"

27. WETANSON knowingly permitted HERRERA to sexually harass and assault numerous female employees including Plaintiff.

28. Defendant HERRERA exhibited a pattern and practice of making sexual advances

3

towards female employees.

29. Defendants failed to take action against HERRERA for his discriminatory behavior against Plaintiff.

30. WETANSON aided and abetted in HERRERA's discriminatory conduct by not investigating Plaintiff's protected activity of making a good faith complaint of sexual harassment and gender discrimination.

31. Plaintiff went to Precinct 110 and reported the sexual assault.

32. Plaintiff's police report number is 1902.

33. Defendants forced Plaintiff into a constructive discharge by forcing her to work alongside her harasser.

34. Plaintiff was earning a salary over One Hundred Thousand Dollars ($100,000) when Defendants forced her to leave her job.

35. Defendants forced Plaintiff into economic hardship.

36. As a result of Defendants' actions, Plaintiff is extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, pension, and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As Defendants' conduct has been malicious, willful, outrageous, and conducted with

4

full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

40. The above are just some of the examples of unlawful conduct to which defendant subjected Plaintiff on an ongoing continuous basis.

41. Defendants have a pattern and practice of discrimination.

42. Defendant's supervisor Herrera was known to behave in a such a sexual aggressive manner in the past without rebuke by Defendant employer.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against individual defendants)

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing gender discrimination, harassment and causing a hostile work environment.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against individual defendants)

46. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

47. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

48. "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

49. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

52. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

55. "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

56. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff through gender, sexual harassment, sexual assault and causing a hostile

7

work environment.

60. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

8

66. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE
NEW YORK CITY ADMINISTRATIVE CODE SUPERVISORY LIABILITY**

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the  conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i. the employee or agent exercised managerial or supervisory responsibility; or

ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii. the employer should have known of the employee's or agent's discriminatory

9

conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

69. Defendants violated the above section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York City Administrative Code Title 8-107(19) Interference with protected rights.

72. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

73. Defendants violated the section cited herein as set forth.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK CITY LAW

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin,

10

gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of gender discrimination, sex discrimination and hostile work environment.

77. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS AN ELEVENTH CAUSE OF ACTION AGAINST ASSAULT AND BATTERY

78. Plaintiff repeats and realleges each and every allegation made in the complaint as if they were set forth herein fully at length.

79. That the aforesaid occurrences to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and battery Plaintiff herein and did cause unwelcome contact, causing the Plaintiff to sustain damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:    New York, New York
          September 15, 2016


DEREK SMITH LAW GROUP PLLC

By: _John Luke_____
     John C. Luke, Jr.
     30 Broad Street, 35th Floor
     New York, N.Y. 10004
     (212) 587 – 0760
     (212) 587 – 4169
     *Attorneys for Plaintiff*